ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR 24 PM 12:59
CLERK _L. Ibsen_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OLIVER DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-047 |
| | ) | |
| CCA MCRAE CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at McRae Correctional Facility in McRae, Georgia, filed the above-captioned civil rights case on May 7, 2008. Plaintiff is proceeding *pro se* and was granted permission to proceed *in forma pauperis* ("IFP") pursuant to his former status as an incarcerated litigant. (Doc. no. 3). Upon his release from incarceration, his IFP status was revoked, (doc. no. 7), and Plaintiff subsequently paid the balance of the $350.00 filing fee on August 14, 2008. Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case on October 1, 2008. (Doc. no. 8). In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-2). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service and that the failure to accomplish service could result in dismissal of this lawsuit. (Id. at 2).

Before the 120 days had elapsed, the Court received a letter from a Jamaican attorney purporting to act on behalf of Plaintiff. (Doc. no. 9, Ex. A). After informing Plaintiff that an attorney who has not been admitted to practice before this Court or granted permission to appear *pro hac vice* may not appear on his behalf, the Court again reminded Plaintiff of his responsibility for serving Defendants and provided him a copy of the October 1st Order containing the detailed service instructions. (Id. at 2-3). When the 120 days allowed for service had elapsed, and there was no evidence in the record that Defendants had been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 10). Plaintiff did not respond to the Show Cause Order.

Under Fed. R. Civ. P. 4(l), "[u]nless service is waived, proof of service must be made to the court." The time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its March 2nd Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 10 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)). Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is

2

evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's utter failure to communicate with the Court regarding his inability to effect service of process upon Defendant is indicative of an abandonment of his case, rather than excusable neglect or any other reason to further extend the time for service. Indeed, Plaintiff has taken no action in this case since paying the balance of the $350.00 filing fee in August 2008. (See docket entry dated Aug. 14, 2008).

The Court has warned Plaintiff on three separate occasions that failure to effect service upon Defendants or to otherwise prosecute this action would lead to dismissal. (See doc. nos. 8, 9, 10). Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of the instant case. See Melton v. Wiley, 262 Fed. App'x 921, 924 (11th Cir. Jan. 15, 2008) (citations omitted) (affirming district court's dismissal for failure to timely effect service where the district court had considered the rules dictated by Horenkamp and Lepone-Dempsey). Accordingly, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** without prejudice for failure to timely effect service.

SO REPORTED and RECOMMENDED this 24th day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3